# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WOLFGANG S. BOERNERT,** | : | No. 3:06cv362 |
| **Plaintiff,** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **ALPINE MOUNTAIN CORPORATION,** | : | |
| **PATRICK B. RESPET, M.D., and** | : | |
| **ORTHOPAEDIC ASSOCIATES OF** | : | |
| **ALLENTOWN, LTD.,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is plaintiff's motion to strike defendant Alpine Mountain Corporation's amended answer (Doc. 22).  Having been fully briefed, the matter is ripe for disposition.

**Background**

This case involves an injury suffered by the plaintiff while operating a snowmobile at Alpine Mountain Ski Area in Anamolik, Pennsylvania.  On February 29, 2004, plaintiff was serving as a Ski Patrol member at Alpine Mountain checking the slopes for injured skiers.  (Amended Complaint (Doc. 1-21) at ¶¶ 11-13).  He suffered substantial injuries when the snowmobile the ski area provided to him malfunctioned and threw him to the ground.  (Id. at ¶ 14).  The complaint sought damages against Defendant Alpine Mountain for negligence, careless or recklessness.  (Id. at ¶ 21).

On February 1, 2007, Defendant Alpine Mountain Corporation filed an amended answer to the complaint in this court (Doc. 21). That amended answer informed the court that plaintiff had on January 17, 2007, "filed a Claim Petition with the Bureau of Workers' Compensation" for the State of Pennsylvania. (Amended Answer at ¶ 1). This claim petition sought workers' compensation benefits based on the injuries the plaintiff suffered from the accident on February 29, 2004. (Id.). The petition also named Alpine Mountain as plaintiff's employer, though the company insists he worked as a volunteer Ski Patrol Director and was not an employee. (Id. at ¶¶ 2-3). In the amended answer, defendant argued that if plaintiff was employed by Alpine Mountain at the time the accident occurred, "his exclusive remedy for any and all damages resulting from the accident in question" would be through his workers' compensation benefits. (Id. at ¶ 4).

On February 15, 2007, plaintiff filed a motion to strike this amended answer (Doc. 22). The parties then filed briefs on the matter, bringing the case to its present posture.

**Legal Standard**

Federal Rule of Civil Procedure 12(f) establishes that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Courts usually view such motions to strike "with disfavor." United States v. Marisol, Inc., 725 F.Supp. 833, 836 (M.D. Pa. 1989). "[A] court should not grant a motion to strike a defense unless the

insufficiency of the defense is clearly apparent." Cippollone v. Liggett Group, Inc., 789 F.2d 181 (3d Cir. 1986) (internal quotation marks omitted). Such motions "should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law." Marisol, 725 F. Supp. at 836. Motions under Rule 12(f) are usually granted only when "the moving party is prejudiced by the presence of the allegations in the pleading." Great W. Life Assurance Co. v. Levithan, 834 F. Supp. 858, 864 (E.D. Pa. 1993).

**Discussion**

Plaintiff contends that throughout the litigation Alpine Mountain has claimed he was not an employee of the ski area. Since Alpine Mountain did not consider plaintiff an employee, the ski area did nothing to investigate or report the injury to the Pennsylvania Department of Labor and Industry, an act plaintiff contends is required by state law. (Memorandum of Law in Support of Plaintiff's Motion to Strike Amended Answer for Alpine Mountain Corporation (Doc. 22) (hereinafter "Plaintiff's Brief" at 1) (citing Kohler v. McCrory Stores, 615 A.2d 27 at n.2 (Pa. 1992)). As it became clear that plaintiff's lawsuit would not be resolved within three years of the accident, he filed a claim under the Pennsylvania Workers' Compensation Act, 77 P.S. § 602. (Id. at 2). Plaintiff took this action to preserve his rights under the statute. He insists that he will not introduce evidence to demonstrate he is employed by Alpine Mountain in the instant action. Since there has been no adjudication on plaintiff's workers' compensation claim and there will not be one while the action is

3

pending, plaintiff claims defendant cannot argue that plaintiff's only remedy is a workers' compensation claim.

We disagree. The parties clearly dispute whether plaintiff is entitled to compensation under the workers' compensation law, whatever plaintiff claims in his pleadings. Plaintiff cannot file a workers' compensation claim against Alpine Mountain and then insist that such action has no bearing on a lawsuit arising from the incident that led him to the claim. While we agree that Alpine Mountain's defense would be unavailing as long as the claim remains unresolved, we recognize that the "vicissitudes and uncertainties surrounding litigation" could lead to a change in that situation. (Plaintiff's Brief at 2). Moreover, plaintiff does not claim that he will be prejudiced by this answer, and we do not see how he would be. Indeed, defendants perhaps face greater danger of prejudice than plaintiff if they fail to provide this answer. The company should be entitled to preserve this defense should an adjudication of the workers' compensation claim make it available.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WOLFGANG S. BOERNERT,** | : | No. 3:06cv362 |
| **Plaintiff,** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **ALPINE MOUNTAIN CORPORATION,** | : | |
| **PATRICK B. RESPET, M.D., and** | : | |
| **ORTHOPAEDIC ASSOCIATES OF** | : | |
| **ALLENTOWN, LTD.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 26th day of September 2007, the plaintiff's motion to strike the amended answer for Alpine Mountain Corporation (Doc. 22) is hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

5