IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WOLFGANG S. BOERNERT,**<br>Plaintiff, | No. 3:06cv362<br><br>(Judge Munley) |
| v. | |
| **ALPINE MOUNTAIN CORPORATION,**<br>**PATRICK B. RESPET, M.D., and**<br>**ORTHOPAEDIC ASSOCIATES OF**<br>**ALLENTOWN, LTD.,**<br>Defendants | |

### MEMORANDUM

Before the court are plaintiff's motion in limine (Docs. 28 and 35). Having been fully briefed, the matters are ripe for disposition.

**Background**

This case involves an injury suffered by the plaintiff while operating a snowmobile at Alpine Mountain Ski Area in Anamolik, Pennsylvania. On February 29, 2004, plaintiff, who served as a Ski Patrol member at Alpine Mountain, was checking the slopes for injured skiers. (Amended Complaint (Doc. 1-21) at ¶¶ 11-13). Plaintiff suffered serious injuries when the snowmobile he was riding unexpectedly accelerated and caused him to be thrown to the ground. (Id. at ¶ 14). Plaintiff's lawsuit sought damages against Alpine Mountain for negligence in maintenance of the snowmobile and damages for medical malpractice against the doctors who treated him.

After resolving several preliminary matters and staying the case to allow plaintiff to resolve an administrative matter in Pennsylvania, we scheduled a pretrial conference. Plaintiff filed two motions in limine. The parties briefed those motions, bringing the case to its present posture.

## Discussion

We will address each motion in turn.

### A. Motion in Limine to Exclude Evidence of Plaintiff's Consumption of Alcohol Before the Accident

Plaintiff argues that we should exclude evidence of or reference to his consumption of alcohol prior to the accident. Plaintiff apparently consumed two beers some time before the accident, though no evidence exists that the plaintiff was intoxicated when the snowmobile crashed. Plaintiff argues that Pennsylvania law should cover the admissibility of such evidence, and contends that under state law evidence of such consumption would be precluded. Only if evidence exists which demonstrates that plaintiff was intoxicated would that evidence be admissible, he insists. Here, plaintiff contends that no toxicology evidence of intoxication exists, and no witness can state that plaintiff appeared impaired by his consumption of two beers on the evening in question. Evidence of that consumption should therefore be excluded. Defendant responds that the Federal Rules of Evidence should be used to determine the admissibility of the evidence, and that those rules would not preclude it. In addition, even if the court applied the Pennsylvania rules, defendant

2

insists that the evidence would still be admissible, in part because defendant does not plan to introduce the evidence to prove plaintiff's own culpability in the accident, but as a means of demonstrating that he was not on duty when injured. (Defendant's Brief in Opposition to Plaintiff's Motion in Limine to Exclude Evidence of Alcohol Consumption (Doc. 29) at 4).

In its brief in opposition to the motion in limine, defendant insists that the evidence is relevant and admissible under both federal and Pennsylvania law. Defendant contends that "Alpine Mountain is not arguing that the alcohol caused or contributed to the accident, and the Court may instruct the jury as such." (Id. at 5). Instead, defendant insists that "evidence of Plaintiff's consumption of alcohol is relevant to the issue of whether he was on duty." (Id.). At one point, whether or not plaintiff was working for Alpine Mountain at the time of his injury was at issue in the case. Plaintiff filed a worker's compensation claim with the state of Pennsylvania. Under Pennsylvania's substantive law, a person who receives workers' compensation is precluded from recovering in tort against his employer for his injuries. See Gertz v. Temple Univ., 661 A.2d 13, 15 (Penn. Super. Ct. 1995) (holding that "an injured employee cannot maintain a tort action against his or her employer if the injury is compensable under the provisions of the Act."). Because plaintiff's worker's compensation claim had not been resolved, we stayed the case pending the outcome of his claim. (See Doc. 31). Once plaintiff informed us that his worker's compensation claim had been denied, we lifted the stay on the case, ruled

on Defendant Alpine Mountain's motion for summary judgment and scheduled a pre-trial conference. The issue of plaintiff's employment or his responsibilities at the time of the accident are thus no longer at issue in the case.

Whether plaintiff was working for Alpine Mountain at the time of his injury, or whether he was "on duty" in some sort of volunteer capacity, is therefore not relevant to the outcome of plaintiff's tort action against the ski area.[1] Whether plaintiff was on duty will not make more or less likely that plaintiff's injuries were caused by Defendant Alpine Mountain's negligence in maintaining the snowmobile. Under the Federal Rules Evidence, "relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Since whether or not plaintiff was on duty at the time of the accident is not a material fact in issue, and Defendant Alpine Mountain seeks to introduce the evidence only to prove that fact, evidence of plaintiff's consumption of alcohol is not relevant to this litigation and should be excluded. See FED. R. EVID. 402 (establishing that "[e]vidence which is not relevant is not admissible."). In addition, even if plaintiff's "on duty" status were at issue in the case, using evidence of alcohol consumption to

---

[1] In its pre-trial memorandum, Defendant Alpine Mountain discusses its contentions as to negligence without making any mention of the fact that defendant was on duty when the accident occurred, and makes no mention of plaintiff's alcohol consumption. Instead, the defendant makes clear that it will argue that the snowmobile was properly maintained, that the accident did not occur in the way that plaintiff claims it did, and that plaintiff had assumed the risk of his injuries by operating the snowmobile. (See Doc. 40).

4

prove that fact would undoubtedly cause a jury to consider alcohol as a cause of the accident, and would be unduly prejudicial. We would therefore exclude it on those grounds. See Fed. R. Evid. 403 (establishing that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."). We will therefore grant the plaintiff's motion.

We note, as well, that defendant's expert report contains a reference to plaintiff's alcohol consumption. Because of the potential prejudice from such references, we will order that any reference to plaintiff's alcohol consumption on the night of the accident be redacted from all reports and other documentary and demonstrative evidence introduced at trial.

**B. Motion in Limine to Exclude Testimony or Evidence Referring to Testing and Videotaping by John P. Frackelton**

The plaintiff also seeks to preclude defendant's proposed expert testimony from John P. Frackelton, who conducted and videotaped a number of tests on the snowmobile involved in the accident in February 2007. Plaintiff argues that the test results would mislead the jury. The tests Frackleton performed were not accomplished on a snowmobile in substantially similar condition to that of the snowmobile involved in the accident. The spark plugs were not gapped at the same distance as on the machine defendant was riding when he crashed. Nor did Frackelton have information on the condition of the spark plugs, combustion

chambers or how well the plugs were firing at the time of the accident. The snowmobile he used for the tests did not operate as imperfectly as the one plaintiff rode. Frackelton, plaintiff argues, therefore could not replicate the accident conditions when he performed his tests. Defendant responds that the tests performed by Frackleton were not recreations of the accident, but experiments related to the effect of a sudden reintroduction of a third operable spark plug to a snowmobile engine which had formerly been operated using only two plugs. Because these tests were not a recreation, defendant argues, they need not be substantially similar to be admissible. In addition, the evidence would not be prejudicial; a jury could evaluate the persuasiveness of the evidence and come to a conclusion about Frackleton's assertions.

We agree with the defendant. Federal law makes clear that a test, when not used for a recreation but to demonstrate a general principle, need not substantially duplicate the conditions of the accident to be admissible. See, e.g., Harkins v. Ford Motor Company, 437 F2d 276, 278 (3d Cir. 1970) (finding admissible testimony about experiments using automobiles different from the automobile involved in the case because "the defendant's experts were not testifying regarding the results of experiments, but were testifying regarding general principles of physics universal in their application."); Anders v. General Motors Corp., 782 F.2d 1026 (3d Cir. 1985) (finding admissible evidence designed not to show how an accident occurred but to demonstrate "general principles of physics relevant to the issue of alternative

6

design."). Here, the tests Frackleton performed do not attempt to replicate the conditions of the accident, but instead demonstrate the principle that the sudden addition of power from a third spark plug to an engine operating on spark from two plugs would not lead to an uncontrollable surge in power. Accordingly, the evidence need not be substantially similar to be admissible, and we will not preclude it on the grounds raised by the plaintiff.

To be admissible, such evidence need only be relevant, that is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Since the evidence goes to the causes of plaintiff's accident, that evidence is relevant to the case. Plaintiff argues that this test is of little value to determining the causes of the accident, since he did not test an engine that had similar power problems to the one that plaintiff crashed and the conditions of the tested engine were different from that of the one involved in the accident. Such arguments go to the weight of the evidence, not its admissibility. Plaintiff can raise them at trial. We will therefore deny this motion.

**Conclusion**

For the foregoing reasons, we will grant the motion in limine to exclude evidence of plaintiff's alcohol consumption and deny plaintiff's motions in limine to preclude defendant expert's videotaped evidence. An appropriate order follows.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WOLFGANG S. BOERNERT, | : No. 3:06cv362 |
| Plaintiff, | : |
| | : (Judge Munley) |
| v. | : |
| ALPINE MOUNTAIN CORPORATION, | : |
| PATRICK B. RESPET, M.D., and | : |
| ORTHOPAEDIC ASSOCIATES OF | : |
| ALLENTOWN, LTD., | : |
| Defendants | : |

## ORDER

**AND NOW**, to wit, this 11th day of January 2008, the plaintiff's motions in limine are **GRANTED** in part and **DENIED** in part, as follows:

1) Plaintiff's motion in limine to exclude evidence of or reference to plaintiff's consumption of beer prior to the accident (Doc. 28) is hereby **GRANTED**;

2) Defendant Alpine Mountain is **ORDERED** to redact any reference to plaintiff's alcohol consumption on the night of the accident from any reports and documentary or demonstrative evidence it intends to introduce at trial; and

3) Plaintiff's motion in limine to exclude testimony or evidence referring to testing and videotaping by John P. Frackelton (Doc. 35) is hereby **DENIED**.

BY THE COURT:


s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court