# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WOLFGANG S. BOERNERT, : <br>     Plaintiff, : <br> : <br>     v. : <br> : <br> PATRICK B. RESPET, M.D., and : <br> ORTHOPAEDIC ASSOCIATES OF : <br> ALLENTOWN, LTD., : <br>     Defendants : | No. 3:06cv362 <br><br> (Judge Munley) |

## ORDER

    Before the court is defendants' motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding" on one of six grounds. FED. R. CIV. P. 60(b). Those grounds include "(1) mistake, inadvertence, surprise or excusable neglect;" (2) newly discovered evidence; (3) fraud or other misconduct by the opposing party; (4) a void judgment; (5) the judgment has been satisfied; or "(6) any other reason that justifies relief." Defendants do not specify on which of these grounds they attempt to proceed. Given the grounds they raise for relief, the court assumes that defendants bring their motion under Rule 60(b)(6). None of the other grounds appear to apply.

    The decision of whether to grant relief pursuant to Rule 60(b) "is within the

sound discretion of the court." Lasky v. Continental Products Corp., 804 F.2d 250, 256 (3d Cir. ). Such relief, however, "is available only in cases evidencing extraordinary circumstances." Id. (quoting Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975)). Several factors determine whether the court should grant relief under this rule, among them "[1] the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for an appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [4] whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; . . . [5] whether there are any intervening equities which make it inequitable to grant relief; [6] any other factor that is relevant to the justice of the [order] under attack." Id.

At issue here is the court's decision granting the plaintiff's post-trial motions and denying the defendants'. (See Doc. 103). Defendants do not explain how the Rule 60(b) factors apply to that opinion, but instead simply offer argument as to why their motions for judgment as a matter of law or a new trial should have been granted.[1] Still, grounds may exist in the case for the court to reconsider defendants'

---

[1] In that sense, the motion might more properly be considered a motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59. Such a motion would have been untimely, since the court rendered its decision on June 18, 2009 and defendants brought the instant motion on July 10, 2009. See FED. R. CIV. P. 59(e) (providing that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."). Even if the court were to consider plaintiff's motion a motion for reconsideration properly filed, the court would deny the motion. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly

2

arguments for granting them relief. In other filings, defendants complain that the court decided on their post-trial motions before receiving full briefing on the issues. (See Doc. 109). The court granted defendants' motion for leave to specify additional grounds for post-trial relief after the court reporter filed the transcript in the case. (Doc. 86). This order did not specify that defendants could also supply a brief in support of those additional grounds, but defendants apparently assumed that they would be so allowed. The court issued an opinion before defendants filed a brief. (See Doc. 103). To the extent that defendants seek the benefit of filing a brief, the court will consider the brief filed by the defendants in support of the instant motion and address the arguments therein (See Doc. 107). This brief supports the supplemental grounds stated for relief provided by the defendants after the court reporter filed the transcript.

The court finds that the reasoning provided in the original decision on the parties' post-trial motions applies, even with the benefit of the brief provided by the defendants.[2] The defendants cited four supplemental grounds for relief: 1) plaintiff did not offer competent expert testimony to establish a causal connection between

---

discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. Here, the defendants offer none of these grounds, but simply reargue the positions the court previously rejected.

[2]The court notes that the arguments made in the defendants' brief were made in detail in their statement of supplemental reasons for granting their post-trial motion.

3

the defendant-physicians conduct and his injuries; 2) plaintiff failed to establish that the injuries his injuries were permanent or caused by Dr. Respet; 3) plaintiff's expert testimony on the permanence of his injuries was speculative and lacking in factual foundation; 4) the damages awarded by the jury lacked a sufficient factual basis.

The court addressed each of these issues in its earlier memorandum and directs the parties to that opinion for a fuller discussion of the issues here referenced. (See Doc. 103). In their brief, defendants argue that plaintiff's expert did not offer an expert opinion that established with a reasonable degree of medical certainty that plaintiff's injuries were caused by the defendant-doctor's conduct. They point to the testimony of their own expert, who claimed that injuries like the plaintiff's do not normally heal after surgery. Moreover, defendants argue, plaintiff's expert did not establish that the doctor deviated from the standard of care or that the doctor's care caused his injury. As the court explained in its earlier opinion, plaintiff's expert provided sufficient testimony to support the jury's finding that the defendant was negligent in his treatment. In their brief, defendants point to the testimony of their own expert as evidence of the insufficiency of plaintiff's expert. The court finds that the jury reasonably chose to credit the testimony of plaintiff's expert. As explained in the earlier opinion, this testimony was sufficient to support a finding of negligence.

In terms of plaintiffs ability to heal in the future, defendants argue that plaintiff's expert offered insufficient testimony. The expert testified that he had

4

"pretty strong feelings" that plaintiff would not be able to return to the activities he had enjoyed previously. This testimony, defendants argue, demonstrated that plaintiff had options which may have healed his injury and that his expert only speculated when he contended that plaintiff's injuries were permanent. The court addressed this issue in its earlier opinion as well, finding that plaintiff's expert had testified that plaintiff's injuries were permanent, and had based this opinion on an examination of the plaintiff's medical records. Defense counsel had an opportunity to present opposing expert testimony and to cross-examine this witness. The jury apparently found that plaintiff had established that he would not be able to return to his former work and recreational pursuits, and the court finds that sufficient evidence supported this finding.

Defendants also contend that the expert testimony provided by the plaintiff did not support the jury's findings on damages. Defendants contend that plaintiff's expert offered an estimate of his future earning potential as a private pilot, though plaintiff had never worked such a job or claimed an interest in doing so. Thus, such testimony was inherently speculative. Though the jury awarded plaintiff damages for future earnings in an amount far less than the damages the plaintiff sought based on a transfer into private aviation, defendants contend that the introduction of such evidence introduced an artificial ceiling into the jury's damages calculation and led to an award higher than the evidence warranted. As explained in the court's earlier opinion, the jury reasonably considered this evidence on plaintiff's future earning

potential and concluded that he was entitled to economic damages closer to the number of his actual earnings than to a higher number based on plaintiff assuming a new job. Moreover, defendant introduced no evidence to demonstrate that taking a new job was impossible for the plaintiff. Since the court is not to disturb a jury's verdict if there was a reasonable basis for its conclusion, the court will not order a new trial because the jury considered and rejected a higher amount of damages than it ultimately awarded.

The court therefore finds no grounds based on defendants' brief in support of their supplemental grounds for post-trial relief to grant relief from its earlier judgment. The court addressed all of the arguments defendants make in their brief in that opinion, and the brief offers no reasons to rethink those arguments. Thus, for the reasons stated herein and in its earlier opinion, the court denies defendant's motion. Accordingly:

**AND NOW**, to wit, this 3rd day of August 2009, the defendants' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 106) is hereby **DENIED**.

                                              **BY THE COURT:**

                                              s/ James M. Munley
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**